IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-368-JLK

CHRISTOPHER SPENCER,

    Plaintiff,

v.

SHERIFF BILL ELDER, El Paso County Sheriff, in his official capacity;
WILLIAM WRIGHT, Medical Director of El Paso County Criminal Justice Center, in his individual and official capacities;
JANICE EADES, in her individual and official capacity;
TARA DEMPSEY-KECK, in her individual and official capacity;
KAYLA WAKEFIELD, in her individual and official capacity;
THERESA PEDLEY, in her individual and official capacity;
BECKY FARMER, in her individual and official capacity; and
TERESA MARTIN, in her individual and official capacity.

    Defendants.

_____

ORDER DENYING MOTION TO DISMISS
_____

KANE, J.

This 42 U.S.C. § 1983 civil rights action is before me on the County Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19). The Motion is a bit of a muddle in that it speaks exclusively in terms of Sheriff Elder, and Plaintiff's official capacity claims against him, when its gist is to dispose of Plaintiff's official capacity claims against all named Defendants generally. These claims, as the Motion notes, reduce to a single municipal liability claim against El Paso County on various theories that the acts and omissions of Defendants Elder and Wright subject El Paso county to

municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). *See* Mot. Dismiss at 13, n.5 (acknowledging well settled principle that suit against an individual in his or her official capacity "is tantamount to a suit against the governmental organization itself"). The Complaint's redundant naming of all Defendants in both their individual "and official" capacities contributes to the jumble. To the extent an "official capacity" theory survives dismissal, the caption in this case should be amended to limit that designation to one representative defendant (Sheriff Elder) or to simply replace Sheriff Elder with El Paso County and name the other Defendants in their individual capacities only.

In any event, I find that Plaintiff's municipal liability allegations are sufficient even under post- *Iqbal/Twombly* pleading standards to survive dismissal at this stage of the proceedings. I do not disagree that the allegations are thin, however, and note that in order to survive summary judgment, Plaintiff will have to develop facts tending to show that a final policymaker like Sheriff Elder knew or was recklessly indifferent to the severe lapses in medical judgment and care asserted; or that policymakers were responsible for culpably inadequate training; or that there is a demonstrable pattern or practice at the El Paso County jail to ignore or discount inmates' serious medical needs. For the time being, the allegations that Plaintiff saw each of the Defendant care providers named in the Complaint and that each ignored or was deliberately indifferent in the extreme to the gangrene that set in and cost Plaintiff part of his left foot including all his toes are sufficient, at this stage of the proceedings, to permit a municipal liability claim to proceed to discovery. Accordingly,

The County Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) is DENIED. Given that it is unclear on the record whether each of the individually named Defendants has been served, counsel for Plaintiff shall CONFER with all known represented parties and FILE a Status Report indicating where the proceedings in this case stand and whether and when matters will be ripe for a Scheduling Conference. If a status conference is preferable, counsel should request one.

Dated this 16th day of July, 2015.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE